IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE CASTRO | ) | |
| Petitioner | ) | CA 06-393S |
| v. | ) | CR 04-061S |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and Mary E. Rogers, Assistant United States Attorney, and objects to defendant's Motion to Vacate, Set Aside Or Correct Sentence Pursuant to 28 U.S.C. § 2255, for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 21st day of December, 2006, I caused the Government's Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Jose Castro, pro se
Reg. No. 05467-070
USP Lewisburg
PO Box 1000
Lewisburg, PA 17837

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE CASTRO | ) | |
| Petitioner | ) | CA 06-393S |
| v. | ) | CR 04-061S |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**
**PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

The Petitioner, Jose Castro ("Castro"), filed this motion pursuant to 28 U.S.C. § 2255 on or about September 1, 2006. In his motion, Castro asserts five grounds upon which he claims that he was prejudiced by ineffective assistance of counsel:

1. That "Petitioner was sentenced illegally in that his sentence exceeded the amount of a controlled substance he plead to";

2. "Counsel for Petitioner failed to file a Notice of Appeal or/and an Appeal brief and violated Petitioner's right to effective assistance of counsel on appeal.";

3. "Petitioner did not enter a knowing and intelligent plea in that he was informed by counsel and the government that his offense level would not be higher than level 28;

4. "Petitioner was denied effective assistance of counsel when the court failed to appoint counsel for the purpose of submitting his §22555(sic) and when petitioner was denied the right to appeal from his conviction and sentence.";

5. "Petitioner was not accorded the right to appeal his sentence and conviction; counsel failed to file a direct appeal."

(quoting from Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.)

II. TRAVEL AND FACTS

**A. Travel**

On May 15, 2004, an arrest warrant and complaint was issued by Magistrate Judge David L. Martin, for the Petitioner, Jose Castro. Castro was indicted on May 19, 2004 on two counts of possession with intent to distribute controlled substances (2 kilograms of cocaine and 20 pounds of marijuana) and arraigned on May 24, 2004 on that indictment before Magistrate Judge David L. Martin. On October 1, 2006, the Petitioner pled guilty before Judge William E. Smith. The Petitioner was sentenced on January 21, 2006, by Judge William E. Smith to 200 months imprisonment, below the guideline range of 262 - 327 months. The Petitioner Castro filed the instant motion to vacate sentence pursuant to 28 U.S.C. §2255 on September 1, 2006.

**B. Facts**

On May 13, 2004, at approximately 2:30 p.m., Jose Castro was observed leaving an apartment building at 159 Bridgham Avenue, Wiggins Village, Providence, Rhode Island and entering a blue Ford Taurus, 4 door vehicle, with Rhode Island license plates 56078. The vehicle drove to the area of the Rhode Island Traffic Tribunal on 345 Harris Avenue in Providence. Jose Castro parked the vehicle he was driving and exited the vehicle. Rhode Island State Police Detective Kevin Barry approached Jose Castro. Jose Castro provided Detective Barry with a Rhode Island picture identification. Detective Barry advised Jose Castro that the High Intensity

Drug Trafficking Area ("HIDTA") Task Force knew that there were drugs in the vehicle Castro had just exited. Detective Barry requested consent to search the vehicle. At the same time, Detective Todd Neill, who was standing at the rear of Castro's vehicle, told Detective Barry that Detective Neill could smell the odor of marijuana at the trunk of the vehicle.

Jose Castro is of Dominican descent and is bilingual. Jose Castro signed a written consent to search form in both Spanish and English, giving permission to search the vehicle. Inside the trunk approximately 20 pounds of marijuana were found. Jose Castro was read his Miranda warnings and indicated that he understood them. He agreed to speak with Detective Barry. Jose Castro stated that there was a small quantity of marijuana at 159 Bridgham Avenue, Wiggins Village, Apt A11, Providence, Rhode Island, in a black bag in the basement.

HIDTA Task Force members responded to this address and were greeted by a woman who identified herself as Mariel Garcia, DOB 7-15-72 and as the girlfriend of Jose Castro. Mariel Garcia is the tenant of record on the lease for Apt A11, at 159 Bridgham Avenue. Garcia agreed to allow the HIDTA Task Force members search the apartment and signed a written consent to search the apartment. Underneath the first stair in the basement, HIDTA Task Force members located 2,041.22 grams of cocaine. Also located in that same area in a brown cardboard box was a scale and a few ounces of cocaine and a bottle of Inositol, a cutting agent. Located in a black bag were a few ounces of marijuana. Jose Castro stated that the cocaine and marijuana were his, and that it was not his girlfriend's. Garcia gave a statement in which she admitted that Jose Castro is her boyfriend and that he stays at her apartment on occasion. She further stated that she had no knowledge of the drugs found in her apartment.

The toxicology analysis showed that the substance found in the trunk of the car was 8,989.32 grams of marijuana and the white substance found in the apartment was 2,041.22 grams of cocaine.

The quantity of both the cocaine and marijuana, along with the paraphernalia, was consistent with possession for distribution, not personal use.

III. THE LAW GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

IV. THE LAW APPLICABLE TO AN INEFFECTIVE ASSISTANCE CLAIM

In considering the issue of effective representation, the District Court must first identify the acts or omissions of counsel. The Court should then determine whether these acts or omissions were outside the wide range of professionally competent assistance and, if so, whether the error affected the judgment. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's representation must fall below an objective standard of reasonableness, and the defendant must show prejudice. Ouellette v. United States, 862 F.2d at 376; see also, United States v. McGill, 11 F.3d 223 (1st Cir. 1993). There must be a reasonable probability that but for the attorney's unprofessional errors the result would be different. Scarpa v. Dubois, 38 F.3d 1, (1st Cir. 1994). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233 (1st Cir. 1994); United States v. Moreno Morales, 815 F.2d 725, 751 (1st Cir.), cert. denied, 484 U.S. 966 (1987). The effective assistance of counsel standard does not require the "useless charade" of presenting a merit less defense. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Counsel need not jump through every conceivable hoop, or engage in futile exercises. Singleton, 26 F.3d at 239. The

defendant is entitled to an effective defense, not a perfect one nor a successful one. Scarpa v. Dubois, 38 F.3d at 8. The attorney's judgment need not be right so long as it is reasonable. McGill, 11 F.3d at 227. A reviewing court should not use the benefit of hindsight to second-guess tactical decisions made by an attorney unless the decisions are unreasonable. Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984).

## V. ARGUMENT

### A. The Merits Of The Claims

A consideration of the merits of Castro's claims does not call for relief.

1. Petitioner was not sentenced illegally. The sentence imposed was below the guidelines and thus did not exceed the amount of a controlled substance to which he pled.

The District Sentencing Court imposed a sentence below the range calculated under the sentencing guidelines. Contrary to what the Petitioner claims, he was sentenced below the amount of drugs to which he pled guilty. No error occurred as the Petitioner and the Petitioner has failed to show prejudice.

2. Petitioner's right to effective assistance of counsel on appeal was not violated when Counsel did not file a Notice of Appeal or/and an Appeal brief.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that defense counsel's failure to file a notice of appeal without a defendant's consent is not per se deficient. A Defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the Defendant. The Petitioner has not provided evidence that his former counsel's

representation fell below an objective standard of reasonableness, or that the Defendant was prejudiced in anyway.

3. Petitioner has adduced no facts to show that he did not enter a knowing and intelligent plea.

Petitioner makes the bald assertion that he did not enter a knowing and intelligent plea, yet provides no evidence to support his claim. A review of the change of plea colloquy would provide evidence that his plea was knowing and intelligent.

4. Petitioner was not denied effective assistance of counsel when the court did not appoint counsel for the purpose of submitting his §2255.

As pointed out in Magistrate Judge David L. Martin's denial of appointment of counsel, "circumstances warranting the appointment of counsel in a §2255 case will be rare," United States v. Gonzaelz-Vasquez, 219 F.3d 37, 42 ((1st Cir. 2000) (quoting United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993)); see also, Ellis V. United States, 313 F.3d 636, 653 (1st Cir. 2002). The Judge also pointed out that it did not appear that the Petitioner's claims were meritorious. Once again, the Petitioner has failed to show that he has been prejudiced by the Court's decision.

5. Petitioner was not denied effective assistance of counsel when counsel did not file a direct appeal.

This is the same claim presented by Petitioner in his Second claim. The government incorporates its same arguments in opposition.

## IV. <u>CONCLUSION</u>

Castro has failed to show that his counsel's performance was unreasonable. Likewise, Castro has not shown any error. Therefore, the United States requests that the petition be denied and dismissed.

Respectfully submitted,

THE UNITED STATES OF AMERICA
By its Attorneys

ROBERT C. CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 21st day of December, 2006, I caused the Government's Objection to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Jose Castro, pro se
Reg. No. 05467-070
USP Lewisburg
PO Box 1000
Lewisburg, PA 17837

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov