UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSE CASTRO<br><br>v.<br><br>UNITED STATES OF AMERICA | C.A. No. 06 - 393 S |

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Jose Castro, pro se, filed a motion to vacate, set aside and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Castro's motion is denied.

Background

On May 19, 2004, a federal grand jury sitting in the District of Rhode Island returned a two count indictment charging Jose Castro with possession with intent to deliver in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1), and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 2). Castro thereafter executed a written Plea Agreement, which provided that, if the Court found 21 U.S.C. § 851 was applicable, the maximum imposable punishment on Count 1 was life imprisonment with a mandatory minimum of 10 years, and the maximum imposable punishment on Count 2 was five years imprisonment. The Court accepted the Plea Agreement on October 1, 2004.

At sentencing on January 21, 2005, the Court determined that 21 U.S.C. § 851 applied, Castro's net offense level was 34, and his criminal history category was 5, resulting in a guideline range of 262-327 months imprisonment. Operating under "advisory" sentencing guidelines, see United States v. Booker, 543 U.S. 220 (2005), the Court sentenced Castro to 200 months imprisonment, finding that the applicable guideline range over-represented Castro's criminal history. Castro did not file an appeal.

Section 2255 Motion

Castro thereafter filed the instant motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, and/or correct his sentence. As the basis for his § 2255 motion, Castro asserts:

> (1) ineffective assistance of counsel because counsel failed to file a direct appeal;
>
> (2) the sentence imposed exceeded that called for in the plea agreement;
>
> (3) his plea was not knowing and intelligent because Castro claims he was told by trial counsel and the government that his offense level would not be above 28; and
>
> (4) he was denied the appointment of counsel in the instant § 2255 proceeding.

## Analysis

A. Section 2255

Title 28, United States Code section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotation and citation omitted).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" and "prejudice" or alternatively that he is "actually innocent" of the offense of which he was convicted. Bousley v. United States, 523

U.S. 614, 622 (1998). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

B. Ineffective Assistance of Counsel Claim: Failure to File an Appeal

Castro first contends that his trial counsel was ineffective because counsel failed to file a direct appeal. Under the two part test in Strickland v. Washington, 466 U.S. 668 (1984), to demonstrate that counsel did not provide reasonably effective legal assistance, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," id. at 688, and (2) that counsel's deficient performance prejudiced the defendant. Id. at 694. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court applied the Strickland test to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. Pursuant to Roe, a defendant must show deficient conduct as announced in Strickland, with a modified version of the prejudice component: a defendant must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484.

As to the first prong, a lawyer who disregards "specific instructions" from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Id. at 477 (citing Rodriquez v. United States, 395 U.S. 327 (1969)). Here, however,

Castro failed to allege that he gave his counsel specific instructions to file an appeal on his behalf. There is no constitutional violation within the meaning of Roe when there is no express instruction given by the defendant to counsel to file an appeal. See Roe, 528 U.S. at 477.

Absent an allegation that a specific instruction was given to counsel and that counsel disregarded that instruction, the next inquiry under Roe is to determine whether counsel had a constitutionally imposed duty to consult, and whether counsel did indeed consult with the defendant. Consult, as defined by the Supreme Court, means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe, 528 U.S. at 478.

"Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480. In making this determination, courts must take into account all the information counsel knew or should have known. Id.

Although not determinative, a relevant factor in the inquiry is whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable

issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Id. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Id. Only by considering all of the relevant factors in a given case can a court determine whether a rational defendant would have desired an appeal or that a defendant sufficiently demonstrated to counsel an interest in an appeal. Id.

Here, Castro's conviction followed a guilty plea and the sentence imposed was within that contemplated by the Plea Agreement. Indeed, the sentence imposed was significantly less than both the potential sentence set forth in the Plea Agreement and the sentence called for by the Sentencing Guidelines. Moreover, Castro waived his right to an appeal in the Plea Agreement, see Plea Agreement,¶ 9, and Castro has failed to identify any non-frivolous grounds for an appeal. Thus, no rational defendant would want to appeal in these circumstances. See DeCato v. United States, 51 Fed. Appx. 888, 889 (1st Cir. 2002) (unpublished) (finding no constitutional violation with respect to counsel's failure to consult where the conviction followed a guilty plea, the sentenced imposed was virtually identical to that contemplated by the plea agreement, and petitioner's assignments of error would have had a negligible prospect of success).

Furthermore, Castro has failed to allege any facts that would indicate that he reasonably demonstrated to counsel that he was interested in appealing. See Roe, 528 U.S. at 480.

Accordingly, if counsel failed to consult with Castro, such action was constitutionally reasonable. No facts indicate that counsel had a constitutionally imposed duty to consult here. Therefore, Castro's ineffective assistance of counsel claim lacks merit because he has failed to allege deficient conduct by counsel.

C. Remaining Claims

Castro's remaining claims can be dispensed with in short order. Castro first alleges that the sentence imposed exceeded that called for in the Plea Agreement. Castro pled guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) for the possession with intent to distribute 2,041.22 grams of cocaine, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), for the possession with intent to distribute 8939.32 grams of marijuana. The Plea Agreement provided that if the Court found that Castro was subject to 21 U.S.C. § 851, the maximum punishment was life imprisonment with a mandatory minimum of 10 years for Count 1, and five years imprisonment for Count 2. See Plea Agreement, ¶ 3; see also 21 U.S.C. § 841(a)(1); § 841(b)(1)(B); § 841(b)(1)(D); § 851. Here, the Court found that 21 U.S.C. § 851 applied but sentenced Castro to 200 months imprisonment, well below the maximum imposable punishment of life imprisonment. Therefore, Castro's claim that

his sentence exceeded that called for in the Plea Agreement is without merit.

Next, Castro asserts that his plea was not knowing and intelligent because he claims he was told the offense level would not be above 28. This claim is summarily rejected because it is contrary to both the Plea Agreement that Castro signed and Castro's sworn statements made under oath during his plea colloquy. See Plea Agreement, ¶ 8.

Finally, Castro asserts, as a basis for § 2255 relief, that he was denied the appointment of counsel in the instant § 2255 proceeding. Such a claim does not provide a basis for section 2255 relief. See 28 U.S.C. § 2255; see also Addonizio, 442 U.S. at 184-185 (holding that a court may grant § 2255 relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law). Indeed, petitioners are rarely appointed counsel for purposes of a § 2255 proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (providing that a convicted criminal does not have a constitutional right to counsel in a habeas proceeding); see also Ellis v. United States, 313 F.3d 636, 653 (1st Cir. 2002) ("[I]n certain circumstances, the appointment of counsel for a section 2255 petitioner might be warranted, [but] such cases are few and far between.").

Conclusion

Accordingly, for the reasons stated above, Castro's motion to vacate, set aside and/or correct his sentence is denied.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge
Date: 8/20/07