UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSE CASTRO,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Petitioner, | Case No. 06-393 S<br>Honorable William E. Smith |

PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

Now comes, Petitioner, Jose Castro, proceeding pro-se in the above entitled action, files this motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). For the following reasons, Petitioner asks the court to alter or amend its prior judgment. In support of this request, it is stated:

DISCUSSION

A motion to alter or amend judgment is brought under Fed. R. Civ. P. 59(e), and must be filed no later than ten (10) working days after entry of the judgment. The judgment in this case under consideration is dated August 20 , 2007. Petitioner received said judgment on August 23, 2007, with a United States postage date of August 21, 2007 (See envelope attatched hereto). Thus, the instant motion dated September 4, 2007 is filed timely.

Reconsideration is warranted omly where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. Bartz v. Agway, [illegible] F. Supp. [illegible] 155-57 [illegible]

849 F. Supp. 166-67 (N.D.N.Y.) 1994) (citation omitted). The rules for reconsideration are strictly construed to avoid repetitive arguments on issres that have been fully condsidered by the court. O'Bien v. Board of Educ. of Deer Park Union Free School District, 127 F.Supp. 2d 342, 345 (E.D.N.Y. 2001). A motion for reconsideration is appropriate when the moving party can demonstate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion.... and which, had they been considered, might have reasonably altered the result before the court." Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp. 2d 390 392 (S.D.N.Y. 2000). A maotion for reconsideration is not to be used when a party simply does not agree with the way that the original decision was resolved. In Re Houbigant Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Alternatively, the movant must demonstrated "the need to correct a clear error or prevent manifest injustice." Griffin Indus. Inc. v. Petrojam, Ltd., 72 F. Supp.2d 365, 368 (S.D.N.Y. 1999).

ARGUMENT FOR RECONSIDERATION

The Petitioner, Jose Castro, filed a pro-se motion pursuant to 28 U.S.C. § 2255 on or about September 1, 2006. Petitioner listed several claims, one being that his trial attorney, John M. Cicciline, was ineffective for failin to file a timely direct appeal immediately after the sentence was imposed.

On August 21, 2007, the United States District Court for the District of Rhode Island submitted an order denying said motion.

(see attatched exhibit A)

In its order, the District Court cites Roe v. Flores-Ortega, 528 U.S. 470 (2000), to define and dismiss Petitioner's claim of ineffective assistance of counsel.

In Roe, the Supreme Court applied the Strickland test to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. Pursuant to Roe, a defendant must show conduct as announced in Strickland, with a modified version of the prejudice component: a defendant must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484.

As to the first pron, a lawyer who disregards "specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Id at 477 (citing Rodriguez v. United States, 395 U.S. 327 1969).

Petitioner did, in fact, instruct his attorney to do just that, file an appeal of the 200 months imposed by the sentencing court.(See exhibit B). Petitioner's trial attorney failed to do so, claiming, "I don't see the point."

Whether a defense attorney agrees or disagrees with a defendant's wishes to appeal, he is still bound, to satisfy a defendant's Sixth Amendment rights, to atleast file a no-merits brief pursuant to Anders v. California, 396 U.S. 738(1967).

Even if an allegation of specific instructions was absent, the next inquiry under Roe is to determine whether counsel had a constitutionally imposed duty to consult and whether counsel did consult with the defendant. Consult, as defined by the

Supreme Court, means, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. Roe, 528 U.S. at 478.

"Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480. In making this determination, courts must take in account all the information counsel knew or should have known.

In light of the information, it can be reasonably deduced that the defence attorney should have been well aware of the Petiioner's desire to file an appeal.

To support this, first the Petitioner would like to bring to the courts attention the plea agreement, (see exhibit C). On page 6, par. 9, the courts can clearly see that the defense attorney and Petitioner discussed the issue of appealing where the trial attorney corrected a sentence claiming that, "Defendant hereby waives his right to file a direct appeal, a collateral challange, any other request for post-conviction relief..."

Defense attorney crossed out this portion of the agreement and signed it for verification. This is a clear indication that an appeal was indeed discussed between the Petitioner and his attorney.

Second, Petitioner brings to the court's attention, exhibit

D, Petitioner's sentencing transcripts from January 21,2005. From page 21, line 3 all the way to page 28, line 22, defense attorney made a considerable argument showing the sentencing judge his disapproval of the possibility of his client receiving a 20 year sentence or more.

Furthermore, on page 29 , line 1 to page 30, line 4, Petitioner, too, expressed his disapproval of the posseble exposure of 20 or more years. This could, and should be seen as a clear inference as to Petitioner's wish to appeal.

Therefore, even if Petitioner failed to specify his wish to file a direct appeal, which exhibit B supports that he had asked for an appeal, the second test of Roe has been clearly demonstrated in the above information.

In the Court's decision, (exhibit A), pages 5, par. 1, the Court claims "...Castro failed to allege that he gave his counsel specific instructions to file an appeal on his behalf."

Need the Court be reminded that Petitioner is a lay-man of the law and filed his motion pursuant to 28 U.S.C. § 2255 as a Pro-se litigant.

In Haines v. Kerner, 404 U.S. 519, 520-21(1972)(see, mem. order at 2), the courts recognnized that "...Pro-se pleadings should be contrued in a liberal and deferential manner..."

> "The District Court should review habeas petitions with a lenient eye, allowing borderline case to proceed." Williams v. Kullman, 722 F. 2d 1048,1050 (2d Cir. 1983). When a plaintiff proceeds pro-se, the court must read papers liberally and "interpret them to raise the strongest arguments they suggest."

Soto v. Walker, 44 F.3d 169, 173 (2d cir. 1995); Sanchez v. National Cleaning Co., 11 F. Supp. 2d 453, 454(S.D.N.Y. 1998)(same).

In light of the above information, the Petitioner may be in proceedural error for failing to supply the court affidavits or memorandums of laws describing his claims in exact terms with his initial 2255 motion, but his ineffective claim does have merit under the Roe test and should be accorded the oppertunatey for an evidentiary hearing on this matter.

## CONCLUSION

In conclusion, Roe promises the Petitioner the chance to be heard after trial counsel failed to comply with Petitioner's wishes to appeal his sentence and/ file the appropriate Anders brief.

Furthermore, Petitioner has infact reserved his rights to appeal, (see exhibit D page 40, line 20 to page 40, line 8).

Given the information and circumstances highlighted above, it is proper for the Court to reconsider Petitioner's original 2255 motion to vacate and remand Petitioner back to the District Court for resentencing and accorded the right to file a timely direct appeal as Petitioner originally wished to do, but was failed by his trial attorney.

Dated; 9/4/07 Respectfully Submitted, Jose Castro Pro-se

VERIFICATION

I, Jose Castro, being duly sworn, on oath deposes and says that I am the lawful owner of the subject property, that I have read the foregoing claim, know the contents thereof and that the same is true and correct.

Date: 9/4/07

Respectfully Submitted,

Jose Castro Pro-se

CERTIFICATE OF SERVICE

I, Jose Castro, hereby certify that I have served a true and correct copy of the information which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L.Ed. 2d 245(1988) upon the court and parties to litigation by placing same in a sealed, postage prepaid envelope addressed to:

Mary Rogers, ATTY
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

United States District Court
Office Of the Clerk
Providence, RI 02903-1779

and deposited same in the United States Postal Mail at the United States Penitentiary, Signed on this 4 day of September.

Date:9/4/07

Respectfully Submitted,
Jose Castro Pro-se
Reg. No. 05467-070