UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE CASTRO, Petitioner, | ) | |
| vs. | ) | Cv. No. 06-393 |
| UNITED STATES OF AMERICA, Respondent. | ) | |

**THE UNITED STATES' RESPONSE TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant United States Attorney, and hereby responds to Petitioner's Motion to Alter or Amend Judgment.

On September 1, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.§2255. On August 21, 2007, this Court entered an order denying Petitioner's motion. On September 11, 2007, Petitioner filed the present motion asking the Court to reconsider its order denying Petitioner's motion as to the claim of ineffective assistance of counsel. Specifically, Petitioner now alleges that he instructed his attorney to file an appeal, that the plea agreement does not waive his right to an appeal, and counsel's argument and Petitioner's statements at sentencing "should be seen as clear inference as to Petitioner's wish to appeal." (Mot. at pp. 3, 4, and 5).

## ARGUMENT

### A. PETITIONER'S MOTION TO ALTER OR AMEND WAS NOT TIMELY FILED.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a Motion to Alter or Amend

should be file "no later that 10 days after entry of the judgment." Fed. R. Civ. Proc. 59(e). Judgment denying Petitioners § 2255 Petition was entered on August 21, 2007. Petitioner's Motion to Alter or Amend Judgment was filed on September 11, 2007.

Federal Rule of Civil Procedure 6(a) states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays , Sundays, and legal holidays shall be excluded in the computation." Federal Rule of Civil Procedure 6(e) provides Petitioner an additional 3 days because the only means to serve the Order on Petitioner was by mail. The deadline for Petition to file his motion was September 10, 2007.

"Rule 59(e) provides an aggrieved party with ten days after the entry of judgment to file a motion to alter or amend judgment." Garcia-Valazquez v. Frito Lay Snacks Caribbean, 358 F.3d 6, 9 (1st Cir. 2004). "This ten-day period does not include intermediate weekends and 'legal holidays.'" Id.[1] In Garcia-Valazquez v. Frito Lay Snacks Caribbean, the First Circuit determined that a Rule 59(e) motion filed one day late was untimely, and therefore, the district court lacked the power to grant it. Id. at 6.

Petitioner filed his Motion to Alter or Amend Judgment on September 11, 2007. The deadline for filing such motion was September 10. Therefore, based on the First Circuit ruling in Garcia-Valazquez, Petitioner's motion should be denied as untimely.

**B. PETITIONER'S RULE 59 MOTION IS AN ATTEMPT TO REHASH ISSUES ADDRESSED IN HIS ORIGINAL §2255 PETITION.**

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or

[1]Garcia-Valazquez does not address Rule 6(e) of the Federal Rules of Civil Procedure. If the Court were to decide that Rule 6(e) does not apply, then Petitioner's motion was due on September 5.

newly discovered evidence." Kansky v. Coca-Cola Bottling Co. Of New England, 492 F.3d 54, 60 (1st. Cir. 2007) (citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005) (stating that Rule 59(e) motions are generally unlikely to succeed because the movant must clearly establish a manifest error of law") or provide newly discovered evidence (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir.2004)). A motion filed pursuant to Rule 59(e) is a remedy used to correct manifest errors of law or to present newly discovered evidence and may not be used to re-litigate matters already decided by the Court. National Metal Finishing Co. v. Barclays American/Commercial Inc., 899 F.2d 119, 123-124 (1st Cir. 1990).

"[A] motion under Rule 59(e) [to alter and amend a judgment] is not appropriately used to present new issues or evidence: Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory.'" Bogosian v. Woloohojian Realty Corporation, 323 F.3d 55, 72 (1st Cir. 2003 (quoting Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994).

**1. Petitioner has not provided proof that he instructed his attorney to appeal his sentence.**

In its order denying Petitioner's §2255 motion, the Court relies on the analysis in Roe v. Flores-Ortega, 528 U.S. 470 (2000). As the Court is aware, in Roe the Supreme Court applied the Strickland test to a claim that counsel was ineffective for failing to file a notice of appeal. Order at 4; See Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Roe, a defendant must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him

about an appeal, he would have timely appealed." Order at 4; Roe, 528 U.S. at 484.

In support of the present motion, Petition supplies an affidavit from himself, stating that he did instruct his attorney before his plea and after his sentencing to file an appeal but gives not specific details. Aff. ¶2. He further states that if the Court were to give him an evidentiary hearing he would be able to call several witnesses to support his allegations, however he does not provide the identity of those witnesses. Id. at ¶4.

**2. Defendant waived his right to appeal.**

Petitioner also claims that he did not waive his right to appeal. In support of this argument, Petitioner attaches page 6 of what he alleges is the plea agreement in which he claims that his counsel marked through and signed the sentence indicating that he would waive his right to appeal. See Exhibit C, ¶9. This is just wrong. In the Plea Agreement filed with the Court, Paragraph 9 of page 6 clearly shows that defendant waived his right to appeal. Furthermore, the initials beside paragraph 9 of the original plea agreement do not remotely resemble the signature next to paragraph 9 of Petitioner's Exhibit C.

Petitioner is correct in the fact that his counsel discussed his appeal with him, however, Petitioner waived his right to appeal as indicated with his initials beside paragraph 9 of the Plea Agreement.

**3. Petitioner received a sentence less that 20 months as requested at sentencing.**

Next Petitioner states that the statements of his counsel and himself at sentencing clearly infer petitioner's wish to appeal. This too is wrong. The pages cited by Petitioner show his counsel making an argument for a sentence of less than 20 years. Petitioner was sentenced to 200 months which is well below the maximum imposable punishment of life imprisonment. There is no clear

inference of Petitioner's wish to appeal in the sentencing transcript.

As stated above "[m]otions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Bogosian, 323 F.3d at 72. The evidence provided by Petitioner in the present motion is not new evidence. This was information that he was aware of and had access to at the time he filed his initial §2255 petition. Additionally, Petitioner has not established a manifest error of law. Based on the foregoing, Petitioner's Motion to Alter or Amend Judgment must be denied.

**C. PETITIONER WAS TIME BARRED FROM FILING HIS §2225 PETITION PURSUANT TO THE AEDPA.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes, among other things, a 1-year statute of limitations on motions by prisoners seeking to modify their federal sentences. Johnson v. United States, 599 U.S. 295 (2005). The 1-year period runs from the latest of four alternative dates, one of which is the date on which the judgment of conviction becomes final. 28 U.S.C. §2255.

For purposes of the one-year limitations period of AEDPA on motions to vacate or set aside, the judgment becomes final at the conclusion of the appellate process on direct review when the Court of Appeals either issues a mandate in connection with the affirmance of the conviction or when the time for filing the petition for certiorari has expired. Trenkler v. United States, 268 F.3d 16, 22 (1st Cir. 2001). In the instant matter, Petitioner waived his right to appeal, therefore judgment became final on February 10, 2005. The one year limitation set by the AEDPA would have set the deadline for filing his motion pursuant to 28 U.S.C. §2255 in February 2006. Petitioner did not file

his petition until September 1, 2006. Therefore, he is time barred by the AEDPA from filing a petition pursuant to 28 U.S.C. §2255.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 28th day of September, 2007, I caused the Government's Response To Petitioner's Motion to Alter or Amend Judgment to be filed electronically and it is available for viewing and downloading from the ECF system. This Response was also mailed, postage prepaid and addressed to:

Jose Castro
05467-070
USP Lewisburg
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov