UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSE CASTRO

v. C.A. No. 06 - 393 S

UNITED STATES OF AMERICA

## MEMORANDUM AND ORDER

William E. Smith, United States District Judge

Presently before the Court is Jose Castro's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e).

On September 1, 2006, Castro, *pro se*, filed a motion to vacate, set aside and/or correct his sentence pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel because counsel failed to file a direct appeal. On August 21, 2007, the Court issued a Memorandum and Order denying Castro's § 2255 motion. With respect to his claim that counsel failed to file a direct appeal, the Court found that Castro failed to allege that he gave counsel an express instruction to file a direct appeal, and, consequently, Castro failed to allege deficient conduct. The Court also found that, in the event counsel failed to consult, counsel was nonetheless not deficient since no rational defendant would want to appeal in the circumstances of his case, based, in part, on the fact that Castro waived his right to appeal in

his written plea agreement. Judgment entered on that same date.

In the instant motion, Castro, for the first time, alleges that he did in fact instruct his counsel to file a direct appeal but counsel failed to do so. Also, Castro contends that he did not waive his right to appeal in the written plea agreement and has supplied the Court with an alleged copy of his written plea agreement. See Petitioner's Ex. C, Dkt # 11-4. The Government has objected to Castro's Motion to Amend or Alter the Judgment.

A Rule 59(e) motion to amend or alter the judgment may not be used as a vehicle to re-litigate or rehash matters already decided by a court. Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Rather, it is an extraordinary remedy used to correct manifest errors of law or to present newly discovered evidence. Id. at 124; see also Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (stating that Rule 59(e) motions are generally unlikely to succeed because the movant must clearly establish a manifest error of law or provide newly discovered evidence). Rule 59(e) motions are not to be used to raise arguments which could, and should, have been made before judgment issued. Bogosian v. Woloohojian

Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

Here, Castro demonstrates neither a manifest error of law nor newly discovered evidence. Rather, he simply attempts to add additional facts, known to him prior to judgment entering in this case, in an attempt to create a potentially viable ineffective assistance of counsel claim. This he cannot do by way of a motion pursuant to Fed. R. Civ. P. 59(e). Moreover, Castro fails to articulate why he did not raise, in his § 2255 motion, the assertion that he expressly instructed counsel to file an appeal. Therefore, Castro's motion fails.

To the extent that Castro claims that he did not waive his right to appeal in his written plea agreement, Castro's assertions are belied by the record. Paragraph 9 of his written plea agreement clearly provides that he waived his right to a direct appeal. See United States v. Castro, C.R. 04-061S, Plea Agreement, Dkt # 23, ¶ 9. While Paragraph 9 was altered during the Change of Plea Hearing, no changes were made to the waiver of appeal provision. Id. Indeed, as is this Court's customary practice, Castro, his trial counsel, and the Assistant U.S. Attorney initialed the changes to Paragraph 9 during the hearing, leaving intact the waiver of a direct appeal provision. Id. Thus, it is clear that Castro waived his right to appeal in his written plea agreement.

In any event, Castro's Motion to Amend or Alter Judgment pursuant to Fed. R. Civ. P. 59(e) is **DENIED.** Castro has failed to demonstrate a manifest error of law or newly discovered evidence.

WESmith

William E. Smith
United States District Judge
Date: 10/9/07