UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSE CASTRO,
PETITIONER,

v CASE NO 06-393-s

UNITED STATES OF AMERICA,
RESPONDENT.

TRAVERSE TO GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGEMENT UNDER RULE 59 (e)

Comes now, jose Castro, pro se (Hereinafter "Petitioner") and hereby submits the instant traverse to Government's response to Petitioner's motion to alter or amend judgment under Federal Rules of Civil Procedure, Rule 59(e). In support thereof it is stated:

ARGUMENT

A. Petitioner's Motion To Alter Or Amend Was Timely Filed

Pursuant to Houston v lack, 101 L.Ed 2d 245 (1988) (information deemed filed at the time it was delivered to prison authorities for forwarding to the court). The judgment in this case under consideration is dated August 20, 2007. Petitioner received said judgment on August 23, 2007, with a U.S. postage date of August 21, 2007. The Rule 59(e) motion was delivered to prison authorities for forwarding to the court on or about September 4, 2007. At this Court's request if necessary Petitioner can obtain supporting documents from prison authorities, in support of timely filed motion.

B. Petitioner's Rule 59(e) Motion Is Not An Attempt To Rehash Issue Addressed In His Original § 2255 Petition

A Rule 59(e) motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decision or factul matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." Range Road Music, Inc v Music Sales Corp., 90 F.Supp. 2d 390, 392 (S.D.N.Y. 2000). This is such a case, that is, here the court overlooked there was no waiver of Petitioner's right to appeal and the government's response is clearly made in bad faith.

Furthermore, The government would like for this Court to held Petitioner to the same standards of a learn lawyer.

The district "Court should review habeas petitions with a lenient eye, allowing borderline cases to proceed." Williams v Kullman, 722 F.2d 1048, 1050 (2nd Cir 1983). When a plaintiff proceeds pro se, the court must read papers liberally and "interpret them to raise the strongest arguments they suggest." Soto v Walker, 44 F.3d 169, 173 (2nd Cir 1995). Thus, while Petitioner may have failed to supply the court with an detail affidavit (without assistance of counsel), his ineffective claim does have merit under the test setforth by the United States Supreme Court in Roe v flores-Ortega, 528 U.S. 470 (2000), and should be given reconsideration in accordance with Rule 59(e).

## CONCLUSION

Roe, promises the defendant a chance to be heard after trial on appeal, counsel failed to comply with Petitioner's wishes to appeal his sentence and/or file the appropriate Anders brief under Anders v California, 396 U.S. 738 (1976). Such facts warrants reconsideration.

Respectfully Submitted

Jose Castro, Pro se

# CERTIFICATE OF SERVICE

I, Jose Castro, hereby certify that I have served a true and correct copy of the foregoing:

Traverse To Government's Response To Petitioner's 59(e) Motion

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

US Attorney

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 15 day of October, 2007

Respectfully Submitted,

Jose Castro

REG. NO. 05467-070