UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSE CASTRO,
Petitioner

CASE NO. 06-393 S

V.

UNITED STATES OF AMERICAN,
Respondant

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

NOW COMES Jose Castro, Pro-Se (hereafter "Petitioner") and hereby respectfully request that this court issue a certificate of appealability pursuant to 28 U.S.C. § 2253 (C)(1)(B) to appeal The District Court's dismissal of the proceeding under 23 U.S.C. § 2255. In support thereof, it is stated:

## PRELIMINARY STATEMENT

As an initial matter, it should be noted at the onset on this request for review that, all supporting documents and exhibits are made a part of the 28 U.S.C. § 2255 petition and The Rule 59(e) motion, fully incorporated, as though fully setforth herein.

"A fundamental requirement of due process is the opportunity to be heard". GRANNIS V. ORDEEN, 234 U.S. 385, it is an opportunity that must be granted in a meaningful time and in a meaningful manner. ARMSTANG V. MONZO, 380 U.S. 545. Because, a federal prisoner gets only one "bite" from the section 2255 "apple" he should be given an meaningful opportunity to be heard.

The Petitioner raise serious constitutional questions about both the reality and appearance of fairness in his conviction and sentence. The allegations set forth in the §2255 petition are serious and at this stage, are sufficiently Supported by the record of this case.

## A. THE DISTRICT COURT'S DETERMINATION ON PETITIONER'S CLAIMS ARE SUBJECT TO DEBATE AMONG REASONABLE JURISTS

The Petitioner, Jose Castro, filed a pro-se motion pursuant to 28 U.S.C. § 2255 on or about September 1, 2006. Petitioner listed several claims, one being that his trial attorney, John M. Cicciline, was ineffective for failing to file a timely direct appeal immediately after the sentence was imposed.

On August 21, 2007, the United States District Court for the District of Rhode Island submitted an order denying said motion.

In its order, the District Court cites Roe v. Flores-Ortega, 528 U.S. 470 (2000), to define and dismiss Petitioner's claim of ineffective assistance of counsel.

In Roe, the Supreme Court applied the Strickland test to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal. Pursuant to Roe, a defendant must show conduct as announced in Strickland, with a modified version of the prejudice component: a defendant must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484.

As to the first pron, a lawyer who disregards "specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Id at 477 (citing Rodriguez v. United states, 395 U.S. 327 1969).

Petitioner did, in fact, instruct his attorney to do just that, file an appeal of the 200 months imposed by the sentencing court. (See exhibit B). Petitioner's trial attorney failed to do so, claiming, "I don't see the point."

Whether a defense attorney agrees or disagrees with a defendant's wishes to appeal, he is still bound, to satisfy a defendant's Sixth Amendment rights, to atlease file a no-merits brief pursuant to Anders v. California, 396 U.S. 738(1967).

Even if an allegation of specific instruction was absent, the next inquiry under Roe is to determine whether counsel had a constitutionally imposed duty to consult and whether counsel did consult with the defendant. Consult, as defined by the Supreme Court, means, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effect to discover the defendant's wishes. Roe, 528 U.S. at 480. In making this determination, courts must take in account all the information counsel knew or should have known.

In light of the information, it can be reasonably deduced that the defence attorney should have been well aware of the Petitioner's desire to file an appeal.

To support this, first the Petitioner would like to bring to the courts attention the plea agreement, (see exhibit C). On page 6, par. 9, the courts can clearly see that the defense

attorney and Petitioner discussed the issue of appealing where the trial attorney corrected a sentence claiming that, "Defendant hereby waives his right to file a direct appeal, a collateral challange, any other request for post-conviction relief..."

Defense attorney crossed out this portion of the agreement and signed it for verification. This is a clear indication that an appeal was indeed discussed between the Petitioner and his attorney.

Second, Petitioner brings to the court's attention, exhibit D, Petitioner's sentencing transcripts from January 21, 2005. From page 21, line 3 all the way to page 28, line 22, defense attorney made a considerable argument showing the sentencing judge his disapproval of the possibility of his client receiving a 200 year sentence or more.

Furthermore, on page 29, line 1 to page 30, line 4, Petitioner, too, expressed his disapproval of the posseble exposure of 20 or more years. This could, and should be seen as a clear inference as to Petitioner's wish to appeal.

Therefore, even if Petitioner failed to specify his wish to file a direct appeal, which exhibit B supports that he had asked for an appeal, the second test of Roe has been clearly demonstrated in the above information.

In the Court's decision, (exhibit A), page 5, par. 1, the Court claim "...Castro failed to allege that he gave his counsel specific instructions to file an appeal on his behalf."

Compare, Bonncau v. United States, 961 F. 2d 17 (1st Cir. 1992)

holding that defendant who lost his right to direct appeal of his conviction and sentence through dereliction of his counsel, was entitled to new appeal without first showing that there was meritorious appellate issue.

## CONCLUSION

In conclusion, Roe promises the Petitioner the chance to be heard after trial. Thus, The District Court's Determination on the Petitioners' claims are subject to debate among reasonable Jurists.

Respectfully Submitted

Jose N. Castro, Pro-Se

CERTIFICATE OF SERVICE

I, Jose N. Castro, hereby certify that I have served a true and correct copy of the information which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L.Ed. 2d 245(1988) upon the court and parties to litigation by placing same in a sealed, postage prepaid envelope addressed to:

Mary Rogers, ATTY
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

United States District Court
Office Of the Clerk
Providence, RI 02903-1779

and deposited same in the United States Postal Mail at the United States Penitentiary, Signed on this 30th day of November, 2007.

Date: 11/30/07 Respectfully Submitted,

Jose Castro Pro-se
Reg. No. 05467-070